<u>**NOT FOR PUBLICATION**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

_____

MARKEVIS JOHNSON,                    :
                                     :     **Hon. Jerome B. Simandle**
          Petitioner,                :
                                     :
          v.                         :     Civil Action No. 08-955 (JBS)
                                     :
PERRY PHELPS, Warden, and            :     <u>**OPINION**</u>
ATTORNEY GENERAL OF THE              :
STATE OF DELAWARE,                   :
                                     :
          Respondents.               :
_____:

**APPEARANCES:**

> MARKEVIS JOHNSON
> James T. Vaughn Correctional Center
> 1181 Paddock Road
> Smyrna, Delaware 19977
> Petitioner <u>Pro</u> <u>Se</u>
>
> JAMES TURNER WAKLEY, ESQ.
> Deputy Attorney General
> Delaware Department of Justice
> Wilmington, Delaware 19801
> Attorney for Respondents

<u>SIMANDLE, District Judge</u>

Markevis Johnson ("Petitioner"), a prisoner who is confined at the James T. Vaughn Correctional Center in Delaware, filed a "Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2254 ("Petition") challenging the legality of his confinement. (D.I. 1)  For the reasons expressed below, the Court will dismiss the Petition and decline to issue a certificate of appealability.

## I.  BACKGROUND

As recounted by the Delaware Superior Court, the facts

leading to Petitioner's arrest and conviction are as follows:

> On September 18, 2005, the victim, 15 year-old Jan
> Fields [a pseudonym], decided to run away from the Governor
> Terry Center. Fields arranged to meet [Petitioner] (who at
> that time was 25 years old) at a stone wall a short distance
> from the Terry Center. [Petitioner] was to give Fields a
> ride to her friend's grandmother's house.  After a short
> walk, Fields and [Petitioner] stopped to talk.
>
> According to Fields, [Petitioner] began "feeling on
> her" and pulled her pants down.  Although Fields told
> [Petitioner] to stop, she testified that [Petitioner]
> continued the assault by holding her down and inserting his
> penis into her vagina.  Fields believed [Petitioner] already
> had a condom on when he began touching her.  Fields further
> testified that after a short period of time, [Petitioner]
> removed the condom, threw it on the ground, and pulled up
> his pants.
>
> Thereafter, [Petitioner] left.  Fields got herself
> together and began walking back to the Terry Center.  An
> officer driving by recognized Fields as a reported runaway,
> stopped, and drove Fields back to the Terry Center.
> Although Fields was with the officer for approximately 15
> minutes, she did not report the sexual assault until one
> week later.  At that time, Fields reported the crime to the
> staff at the Terry Center.  Fields also gave a statement to
> police, but no medical examinations were conducted because
> of the one week delay.  Police were still able, however, to
> retrieve a condom near the scene of the crime.  DNA samples
> taken from the condom matched blood samples taken from both
> [Petitioner] and Fields.

Johnson v. State, 926 A.2d 504 (Table), 2007 WL 1238887, at *1

(Del. Apr. 25, 2007).

Petitioner was arrested in September 2005.  In May 2006, a

Delaware Superior Court jury found Petitioner guilty of second

degree rape, and the Superior Court sentenced him to fifteen

2

years at Level V incarceration, followed by a period of probation. Petitioner appealed, and the Delaware Supreme Court affirmed his conviction and sentence.   Id.

Thereafter, Petitioner filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").  The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision.  Johnson v. State, 962 A.2d 256 (Table), 2008 WL 4809428 (Del. Nov. 5, 2008).

In December 2008, Petitioner filed the § 2254 Petition pending before the Court, which asserts two challenges to Petitioner's conviction and sentence.  Respondents filed an Answer, asking the Court to deny the claims in the Petition under § 2254(d)(1).  The Petition is ready for review.

## II.  GOVERNING LEGAL PRINCIPLES

### A.  Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot review a habeas petition unless the petitioner has exhausted all means of available relief for his claim under state law.  28 U.S.C. § 2254(b);  O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999);  Picard v. Connor, 404 U.S. 270, 275 (1971).  A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-

3

conviction proceeding, in a procedural manner permitting the state courts to consider the claim on the merits.  See Duncan v. Henry, 513 U.S. 364, 365 (1995);  Castille v. Peoples, 489 U.S. 346, 351 (1989);  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

If a petitioner presents an unexhausted habeas claim to a federal court, but state procedural rules bar further state court review of that claim, the federal court will excuse the failure to exhaust and treat the claim as exhausted.  Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000);  Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001);  see Teague v. Lane, 489 U.S. 288, 297-98 (1989).  Although deemed exhausted, such claims are considered procedurally defaulted.  Coleman v. Thompson, 501 U.S. 722, 749 (1991);  Lines, 208 F.3d at 160.

A federal court cannot review the merits of a procedurally defaulted claim unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim.  McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999);  Coleman, 501 U.S. at 750-51;  Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," then a federal court can excuse

4

the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Murray, 477 U.S. at 496; Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

## B.  Standard of Review

If a state's highest court adjudicated a cognizable federal habeas claim on the merits,[1] the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to § 2254(d), federal habeas relief may only be granted when the state court's decision was "contrary to, or involved an unreasonable application of, clearly established

---

[1] A state court decision constitutes an adjudication on the merits for the purposes of § 2254(d) if the decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. Thomas v. Horn, 570 F.3d 105, 115 (3d Cir. 2009).

Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial.  28 U.S.C. § 2254(d)(1) & (2); <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000);  <u>Appel v. Horn</u>, 250 F.3d 203, 210 (3d Cir. 2001).

When reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct.  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1); <u>Campbell v. Vaughn</u>, 209 F.3d 280, 286 (3d Cir. 2000); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III.  DISCUSSION

Petitioner asserts two grounds for relief.[2]  In Claim One, Petitioner contends that the trial court erred by failing to <u>sua sponte</u> determine that the jury's verdict was contrary to the weight of the evidence because the unreliable DNA evidence found

---

[2]The Court has renumbered the two claims without changing the substance of the arguments contained therein.

on the discarded condom did not "prove" that sexual intercourse occurred between him and Fields.  According to Petitioner, the DNA evidence was unreliable because it had a partial and "mixed DNA profile" that could not be attributed to a single individual, and the condom was not recovered from the crime scene until ten days after the rape occurred.  Liberally construing the ambiguous language of Claim One, the Court concludes that Petitioner has asserted three possible arguments: the trial court erred in admitting unreliable DNA evidence; there was insufficient evidence to support the conviction; and Petitioner's conviction was against the weight of the evidence.  In Claim Two, Petitioner contends that his trial counsel was ineffective for allowing the allegedly unreliable DNA evidence to be admitted, for not hiring a DNA expert to testify on behalf of the defense at trial, and because counsel did not possess adequate knowledge to challenge the DNA evidence.

     In its Answer, the State asserts that the Court must review Claims One and Two under the deferential standard articulated in § 2254(d) because the Delaware Supreme Court adjudicated the merits of both claims.  (D.I. 13, at p. 5.)  Even though the record in this case reveals that Petitioner has actually only exhausted state remedies for two of the six arguments presented

in Claims One and Two,[3] the Court must treat the State's
erroneous concession regarding exhaustion as an explicit waiver
of the exhaustion requirement.  Sharrieff v. Cathel, 574 F.3d
225, 229 (3d Cir. 2009).  Consequently, the Court will consider
the arguments presented in Claims One and Two in seriatim, under
the applicable standards of review.

## A.  Claim One

### 1.  Evidentiary Error In Admitting Unreliable DNA Evidence

To the extent Claim One asserts that the trial court
committed an evidentiary error by admitting the allegedly
unreliable DNA evidence, the record reveals that the Delaware

---

[3]Petitioner has only exhausted state remedies for his
arguments that the trial court erred by admitting unreliable DNA
evidence, and that defense counsel provided ineffective
assistance by permitting the admission of such evidence.  For
instance, the only claim presented to the Delaware Supreme Court
resembling Claim One is the argument Petitioner raised on post-
conviction appeal that the trial court erred by not excluding the
DNA evidence because the evidence was unreliable; Petitioner did
not argue that there was insufficient evidence to support his
conviction, or that the weight of evidence went against his
conviction.  Johnson v. State, 2008 WL 4809428 (Del. Nov. 5,
2008).  And, although Petitioner presented the same three
ineffective assistance arguments to the Delaware Superior Court
in his Rule 61 motion that he presents here, Petitioner did not
present all three arguments to the Delaware Supreme Court on
post-conviction appeal.  Rather, on post-conviction appeal,
Petitioner argued that counsel was ineffective for engaging in an
inadequate pre-trial investigation, for failing to file a speedy
trial motion, and for failing to prevent the admission of
unreliable DNA evidence.  Id.

Supreme Court denied this argument as meritless on post-
conviction appeal.  Specifically, the Delaware Supreme Court
opined that:

> The record reflects that the State's witnesses were cross-
> examined by the defense on the issue of the reliability of
> the DNA analysis conducted on [Petitioner's] blood sample
> and the condom. [Petitioner] has presented no coherent
> argument undermining the trial judge's determinations that
> the DNA evidence was sufficiently reliable to be admitted
> and considered by the jury.  As such, we conclude that [this
> claim] is without merit.

Johnson, 2008 WL 4809428, at *1.

It is well-settled that claims based on state court
evidentiary errors cannot warrant habeas relief unless the
petitioner demonstrates that the error was so pervasive that he
was denied his fundamental right to a fair trial.  See Estelle v.
McGuire, 502 U.S. 62, 67-8 (1991)(holding that claims asserting a
violation of a state law, or challenging a state court's
interpretation of state law, are not cognizable on federal habeas
review);  Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001).
Moreover, on habeas review, the Court is bound by the Delaware
State Courts' construction of Delaware law,[4] and the Court must
presume the Delaware State Courts' factual findings, including
any credibility determinations, are correct absent clear and
convincing evidence to the contrary.  Humanik v. Beyer, 871 F.2d
432, 436 (3d Cir. 1989).

---

[4]See Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

During Petitioner's post-conviction appeal, the Delaware Supreme Court held that Petitioner had failed to provide any coherent argument undermining the trial court's decision that the DNA evidence was sufficiently reliable to be admitted and considered by the jury.  The argument presented by Petitioner in this proceeding suffers from the same defect, primarily because Petitioner has not identified any deficiency in the Report or the methods by which the Medical Examiner reached her conclusions which would suggest that the DNA evidence was unreliable. Additionally, the Medical Examiner's Report itself belies Petitioner's contention that the Report established that he was not the perpetrator; the only ambiguity in the DNA evidence was the source of Petitioner's DNA, not whether Petitioner's DNA was present in the condom.  Consequently, the Court is unable to conclude that the admission of the DNA evidence during Petitioner's trial constituted error.

Nevertheless, even if the trial court did erroneously admit the DNA evidence, Petitioner has failed to demonstrate that the admission of that evidence rendered his trial fundamentally unfair.  Defense counsel cross-examined the State's expert witness about the reliability of the DNA evidence, and the expert witness testified that there was not any semen present in the condom and that she could not tell where on the body the DNA found on the condom came from.  In fact, counsel elicited the

witness' concession that she was unable to say, based on the DNA
testing performed, "whether or not sexual intercourse occurred on
that date between [Petitioner] and [Fields], . . . [b]ecause
[]the science isn't there to say that the items or the sample
found is vaginal tissue found from the vagina of [Fields]."
(D.I. 15, Attachments to <u>State v. Johnson</u>, ID No: 0509025689,
Order (Del. Super. Ct. Apr. 21, 2008), at A-69)  However, the
jury also heard Fields' testimony that Petitioner raped her, and
knew that the intercourse was non-consensual because of the
respective ages of Petitioner and Fields.  Petitioner did not
testify at trial, and the record does not reflect that Petitioner
presented any evidence to contradict Fields' testimony that he
raped her.  In short, even if the DNA evidence was improperly
admitted, this evidentiary error was not so egregious that it
rendered Petitioner's trial fundamentally unfair.  Accordingly,
Petitioner's evidentiary argument does not warrant habeas relief.

## 2.  Insufficient Evidence To Support Conviction

Claim One may also be liberally construed as arguing that
there was insufficient evidence to support Petitioner's
conviction.  Although the Court must treat this argument as
exhausted, the Court will review the argument <u>de novo</u> because the
Delaware Supreme Court never addressed the issue.[5]  <u>See Holloway</u>

---

[5]<u>De novo</u> review means that the court "must exercise its
independent judgment when deciding both questions of
constitutional law and mixed constitutional questions."  <u>Williams</u>

v. Horn, 355 F.3d 707, 718-19 (3d Cir. 2004).

Pursuant to Jackson v. Virginia, 443 U.S. 307 (1979), a court considering a sufficiency of the evidence claim must determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319.  The Jackson standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Id. at 324 n.16. Further, "a federal habeas court faced with a record of historical facts that supports conflicting interests must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Id. at 326.

In Delaware, "a person is guilty of second degree rape when the person . . . [i]ntentionally engages in sexual intercourse with another person, and the intercourse occurs without the victim's consent." Del. Code Ann. tit. 11, § 772(a)(1). Additionally, when, as here, the victim is a child under the age of sixteen, and the person committing the sexual act on that child is more than four years older than said child, the child is viewed as "unable to consent" to the sexual act.  Del. Code Ann. tit. 11, § 761(j).

---

v. Taylor, 529 U.S. 362, 400 (2000)(Justice O'Connor concurring).

After reviewing the record in a light most favorable to the prosecution, the Court concludes that there was sufficient evidence to support the jury verdict that Petitioner was guilty of second degree rape beyond a reasonable doubt.  It is well-settled Delaware law that "a victim's testimony alone, concerning alleged sexual contact, is sufficient to support a guilty verdict it if establishes every element of the offense charged."  Hardin v. State, 840 A.2d 1217, 1224 (Del. 2003).  Here, Fields' testimony that Petitioner forced her to engage in sexual intercourse with him by inserting his penis into her vagina was sufficient to support Petitioner's guilty verdict because it established the elements of intent, intercourse, and lack of consent.  See Johnson, 2007 WL 1238887, at *1.  In addition, the State's DNA evidence and expert testimony corroborated Fields' testimony that intercourse occurred because the DNA testing established that both Petitioner and Fields contributed to the DNA found on the condom, and the ten year age difference between Fields and Petitioner also established the lack of consent on Field's part.  Accordingly, to the extent Claim One challenges Petitioner's conviction for second degree rape on the grounds of insufficient evidence, the Court will deny the Claim as meritless.

### 3.  Conviction Against The Weight Of The Evidence

And finally, to the extent Claim One asserts that

13

Petitioner's conviction is illegal because it was against the
"weight of the evidence," the Court concludes that this argument
fails to assert an issue cognizable on federal habeas review.
Unlike a "sufficiency of the evidence" claim, a "weight of the
evidence" claim requires an assessment of the credibility of the
evidence presented at trial.[6]  Tibbs v. Florida, 457 U.S. 31, 37-
38 (1982).  On habeas review, the Court cannot engage in
credibility assessments of the evidence presented to the Delaware
State Courts; rather, the Court is bound by the Delaware State
Courts' credibility determinations.  Marshall v. Longberger, 459
U.S. 422, 434-36 (1983); see, e.g., Tenzer v. Winstead, 2009 WL
455134, at *2 (E.D. Pa. Feb. 24, 2009).  Accordingly, the Court
will deny Petitioner's "weight of the evidence" argument because
it fails to assert a proper basis for federal habeas relief.

**B.  Claim Two**

In Claim Two, Petitioner contends that counsel provided
ineffective assistance of counsel by failing to prevent the
admission of the allegedly unreliable DNA evidence.  The Superior

---

[6]The Tibbs Court described the difference between
insufficient evidence claims and weight of the evidence claims as
follows: "a conviction rests upon insufficient evidence when,
even after viewing the evidence in the light most favorable to
the prosecution, no rational factfinder could have found the
defendant guilty beyond a reasonable doubt.  A reversal based on
the weight of the evidence [] draws the appellate court into
questions of credibility.  The 'weight of the evidence' refers
'to a determination by the trier of fact that a greater amount of
credible evidence supports one side of an issue or cause than
another." Tibbs, 457 U.S. at 37-8.

Court denied this allegation as meritless.  A liberal reading of
Petitioner's filing on post-conviction appeal indicates that he
presented the same issue to the Delaware Supreme Court, but the
Delaware Supreme Court did not consider this argument when it
denied Petitioner's other ineffective assistance of counsel
claims.  Consequently, the Court will review this portion of
Claim Two de novo.

Petitioner also contends that defense counsel provided
ineffective assistance by failing to hire a DNA expert and
because counsel lacked sufficient knowledge about DNA testing.
Petitioner presented these arguments to the Delaware Superior
Court in his Rule 61 motion, and the Superior Court denied them
as meritless.  Petitioner did not present these arguments to the
Delaware Supreme Court on post-conviction appeal.  Nevertheless,
as previously explained, the State has conceded the exhaustion
requirement, thereby requiring the Court to review these two
arguments de novo as well.

The clearly established Federal law governing ineffective
assistance of counsel claims is the two-pronged standard
enunciated in Strickland v. Washington, 466 U.S. 668 (1984).
Under the first Strickland prong, a petitioner must demonstrate
that "counsel's representation fell below an objective standard
of reasonableness," with reasonableness being judged under
professional norms prevailing at the time counsel rendered

assistance.  Strickland, 466 U.S. at 688.  Under the second
Strickland prong, a petitioner must demonstrate "there is a
reasonable probability that, but for counsel's error the result
would have been different."  Id. at 687-96.  A reasonable
probability is a "probability sufficient to undermine confidence
in the outcome."  Id. at 688.  In order to sustain an ineffective
assistance of counsel claim, a petitioner must make concrete
allegations of actual prejudice and substantiate them or risk
summary dismissal.  See Wells v. Petsock, 941 F.2d 253, 259-260
(3d Cir. 1991); Dooley v. Petsock, 816 F.2d 885, 891-92 (3d Cir.
1987).  Although not insurmountable, the Strickland standard is
highly demanding and leads to a "strong presumption that the
representation was professionally reasonable."  Strickland, 466
U.S. at 689.

     An attorney does not provide ineffective assistance by
failing to raise meritless arguments or objections.  See United
States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).  As
previously discussed, the Delaware Supreme Court held that the
DNA evidence was sufficiently reliable to be submitted to the
jury.  Consequently, the Court concludes that defense counsel did
not provide ineffective assistance by failing to have the DNA
evidence suppressed.

     As for Petitioner's arguments that counsel should have hired
a DNA expert and that counsel lacked sufficient knowledge about

16

the DNA evidence to provide effective representation, the Court
concludes that Petitioner has failed demonstrate a reasonable
probability that the result of his trial would have been
different but for these alleged "failures" on counsel's part.
First, the Delaware Superior Court determined that defense
counsel had sufficient knowledge of the State's DNA collection
procedures and techniques.  State v. Johnson, ID No.: 0509025689,
Order, p. 6 (Del. Super. Ct. Apr. 21, 2008).  Moreover, the DNA
evidence was reliable; the only ambiguity in the DNA evidence was
the source of Petitioner's DNA, not whether Petitioner's DNA was
present in the condom, and defense counsel effectively raised
this issue during his representation of Petitioner.  For
instance, defense counsel engaged in a lengthy voir dire to limit
the scope of the testimony given by the State's forensic expert,
he thoroughly cross-examined the State's forensic expert, and he
succeeded in getting the expert to admit that the specific type
of genetic material (saliva, semen, blood, skin cells) collected
at the crime scene could not be determined.  Defense counsel also
elicited the expert's concession that she could not say whether
or not the sexual intercourse occurred on that date between
Petitioner and Fields.

In short, the Court concludes that Petitioner has failed to
satisfy the prejudice prong of Strickland for all three of his
ineffective assistance of counsel arguments.  Accordingly, the

17

Court will deny Claim Two in its entirety as meritless.

### III.  CERTIFICATE OF APPEALABILTY

Finally, the court must decide whether to issue a certificate of appealabilty.  <u>See</u> 3d Cir. L.A.R. 22.2 (2008).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The Court has concluded that Claims One and Two do not warrant federal habeas review.  Jurists of reason would not find this conclusion to be debatable.  Accordingly, no certificate of appealability will issue.

### IV.  CONCLUSION

For the foregoing reasons, the Court dismisses the Petition and declines to issue a Certificate of Appealabilty.  An appropriate Order follows.

**s/ Jerome B. Simandle**
**JEROME B. SIMANDLE, U.S.D.J.**

Dated: __**December 2**__ , **2009**

18